```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**STEVEN ALEXANDER GILLMAN,**

      **Petitioner,**

    **v.**          **CASE NO. 11-3228-RDR**

**WARDEN HOLLINGSWORTH,**

      **Respondent.**

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas. The filing fee has been paid. Having examined this petition, the court finds as follows.

Petitioner seeks to challenge disciplinary action taken against him for an assault that occurred at the prison on June 6, 2011. He alleges that he was found guilty after a hearing on July 6, 2011, and sanctioned with a loss of 27 days good time. He claims that he was denied due process because (1) the Disciplinary Hearing Officer (DHO) failed to provide him with a written decision stating the facts relied upon in finding him guilty, (2) the DHO failed to set forth the charged misconduct with particularity as to any physical act that amounted to actual participation by Mr. Gillman in the assault (3) the warden failed to appoint an adequate staff representative. He alleges that his staff representative had not seen the investigators report, was not prepared to represent him, and that petitioner was not provided the report at the

hearing.  Petitioner further alleges that another inmate was also charged with assaulting the inmate victim, and admitted that he had committed the assault.

It is clear from petitioner's exhibits, namely his administrative remedy form dated August 23, 2011, that he has attempted to appeal the fact that he has never received a copy of the DHO's statement of reasons.  The administrative response dated August 29, 2011, was that the report would be provided as soon as possible.  The court finds that a responsive pleading is required.

**IT IS THEREFORE BY THE COURT ORDERED** that respondent herein is hereby required to show cause within twenty (20) days from the date of this order why the writ should not be granted and the prisoner released from custody; that the petitioner is hereby granted ten (10) days after receipt by him of a copy of the respondents' answer and return to file a traverse thereto, admitting or denying under oath all factual allegations therein contained; and that the file then be returned to the undersigned judge for such further action as may be appropriate.

**IT IS FURTHER ORDERED** that petitioner shall serve upon the United States Attorney for the District of Kansas a copy of every further pleading or other document submitted for consideration by this court, and that petitioner's pleadings must contain a certificate of service indicating the date a true and exact copy was mailed to the United States Attorney.  Any material submitted for filing which does not include a certificate of service will not be accepted by the court.

IT IS SO ORDERED.

DATED:  This 15th day of February, 2012, at Topeka, Kansas.


                                    s/RICHARD D. ROGERS
                                    United States District Judge