```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**STEVEN A. GILLMAN,**

               **Petitioner,**

                 v.                          CASE NO. 11-3228-RDR

**WARDEN C. MAYE,**

               **Respondent.[1]**

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL). Mr. Gillman challenges disciplinary action taken against him for assault on another inmate that occurred at the USPL on June 6, 2011. He alleges that he was found guilty after a hearing on July 6, 2011, and sanctioned with a loss of 27 days good time.[2]

Petitioner claims that he was denied due process based upon several grounds including that the Disciplinary Hearing Officer (DHO) failed to provide him with a written decision stating the facts relied upon in finding him guilty, failed to set forth the

---

[1] Respondent informs the court that Lisa J.W. Hollingsworth was the warden of USP-Leavenworth at the time of the filing of this petition but has since retired from government service, and that the warden is currently C. Maye. Accordingly, the court substitutes C. Maye as respondent in this action.

[2] The Answer and Return provides that petitioner was sanctioned with loss of 23 days of Good Conduct Time.

1

charged misconduct with particularity as to any physical act that amounted to his participation in the assault, and failed to adequately assess the reliability of the information in the incident report. He also claims that the Warden failed to appoint an adequate staff representative. The court is asked to "return the 27 days of good time" lost due to the DHO's decision on incident report No. 2176453.

The court issued a show cause order to respondent. Respondent filed an Answer and Return (A&R)(Doc. 9) maintaining that petitioner had not exhausted his administrative remedies at the United States Penitentiary, Leavenworth, Kansas (USPL) before seeking judicial review, that petitioner "received all constitutional procedural safeguards throughout" the challenged disciplinary proceedings, that "some evidence" supported the decision that he committed the prohibited act, and that petitioner eventually received a copy of his DHO report. The A&R includes a detailed recitation of facts surrounding the alleged incident together with exhibits in support.

Before petitioner filed his Traverse, respondent filed a Motion to Dismiss as Moot (Doc. 12). In this motion, respondent alleged that on May 11, 2012, petitioner's administrative remedy was reviewed and "it was determined to provide Petitioner with a rehearing of his Incident Report No. 2176453." *Id*. at 3. Based on the fact that a rehearing had been ordered, respondent argued

2

that the issues are moot and this court lacks subject matter jurisdiction over petitioner's claims.

A few days later, petitioner filed his Traverse[3] (Doc. 13). Therein, he recounts in detail his version of the facts on the day of the assault incident and during the disciplinary proceedings. He basically reiterates the grounds and arguments presented in his Petition. He also recounts all the steps he persisted in pursuing within the prison administrative review process. A week after the court issued its show cause order, petitioner received the DHO report concerning incident report No. 2176453. He proceeded to seek administrative remedies as to issues he discovered in this report. He also meticulously responds to the allegations and arguments in the A&R.

Shortly thereafter, Mr. Gillman filed a Response (Doc. 14) to Respondent's Motion to Dismiss as Moot, in which he alleges that he has not been afforded a rehearing and that his issues have not been resolved. He indicates that his release date is February 9, 2014, and he is eligible to go to a halfway house 6 months prior to that date. He is concerned regarding the amount of time it might take to conduct the rehearing, for him to receive the DHO report from the new hearing, and for him to again complete the administrative appeal process if necessary.

---

[3]   Petitioner entitled this document "Answer and Return" but it was correctly docketed as his Traverse.

3

Respondent thereafter filed a Response (Doc. 15) to petitioner's Traverse, in which the court is again asked to dismiss this petition as moot. As factual support, respondent alleges that on June 14, 2012, a rehearing was held for petitioner related to his incident report for assault, and that petitioner was provided with a different staff representative who was permitted to review the videotape evidence and was able to present evidence and call witnesses. Respondent further alleges that the DHO verbally advised petitioner of her decision that he has committed the prohibited act as charged, and a DHO report while not yet generated "has been prioritized." Again, respondent argues that the issues are now moot and the court lacks subject matter jurisdiction. In both this pleading and its earlier Motion to Dismiss, respondent also argues that "Petitioner's discipline from the July 2011 hearing no longer exists."

Mr. Gillman filed a Reply (Doc. 16) to respondent's Response to Traverse. Therein, he details the events beginning on June 5, 2012, that led to the rehearing of Incident Report No. 2176453 on June 14, 2012, and claims that at the conclusion of the hearing all his issues remained unresolved and new due process issues were created. Petitioner reiterates that he is seeking restoration of his good time credit.

Finally, on August 2, 2012, respondent filed a "Surreply to Petitioner's Reply (Answer) to Respondent's Response to Traverse", which was docketed as her Reply (Doc. 18). Therein respondent states and shows by exhibit that the North Central Regional Discipline Hearing Administrator (DHA) examined petitioner's Incident Report No. 2176453 and determined that petitioner's good conduct time will be restored and the report is expunged from his records.[4] Based on these additional facts, respondent again asserts that the issues presented in the petition are not moot and the court lacks subject matter jurisdiction.

Having considered all materials filed herein, the court finds that this matter is moot and concludes that this action must be dismissed for lack of subject matter jurisdiction. Respondent has correctly argued that "[a] habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998)(citing *Spencer v. Kemna*, 523 U.S. 1 (1998)). To satisfy the case or controversy requirement, "the (petitioner) must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be

---

[4] The attachment to the declaration shows petitioner's disciplinary record as including only Incident Report No. 2284574 based on "being absent from assignment." Apparently, this is intended as proof that Incident Report No. 2176453 has been expunged from his record.

5

redressed by a favorable judicial decision." *Id.* (quotation omitted). In other words, "[a]n issue becomes moot when it becomes impossible for the court to grant 'any effectual relief whatsoever' on that issue to a prevailing party." *United States v. Hahn*, 359 F.3d 1315, 1323 (10th Cir. 2004)(quoting *Smith v. Plati*, 258 f.3d 1167, 1169 (10th Cir. 2001)). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).

In his habeas corpus petition and other pleadings Mr. Gillman has specifically sought restoration of his good time credits. Since the disciplinary incident report under challenge herein has been expunged and an official with authority to do so has declared that petitioner's credits are to be restored, there is no further relief that can be provided by this court. Accordingly, the court finds that this matter is moot and grants respondent's motion to dismiss as moot based upon the facts presented in respondent's Response (Doc. 15) and Reply (Doc. 18).

**IT IS THEREFORE BY THE COURT ORDERED** that C. Maye, Warden, is substituted as respondent in this action.

**IT IS FURTHER ORDERED** that respondent's Motion for Extension of Time to File Response (Doc. 17) to and including August 3, 2012, is granted.

**IT IS FURTHER ORDERED** that respondent's Motion to Dismiss as Moot (Docs. 12, 15, and 18) is sustained, and this action is dismissed without prejudice as moot.

**IT IS SO ORDERED.**

**DATED:  This 16th day of August, 2012, at Topeka, Kansas.**

<u>s/RICHARD D. ROGERS</u>
**United States District Judge**